**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **TRUSTEES OF OHIO BRICKLAYERS** | ) | **CASE NO. 2:20-CV-1490** |
| **HEALTH AND WELFARE FUND** | ) | |
| **P.O. Box 645652** | ) | **JUDGE** |
| **Cincinnati, OH 45215** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **TRUSTEES OF OHIO BRICKLAYERS** | ) | |
| **PENSION FUND** | ) | |
| **P.O. Box 645652** | ) | |
| **Cincinnati, OH 45215** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **TRUSTEES OF OHIO BRICKLAYERS** | ) | |
| **APPRENTICESHIP, EDUCATION, AND** | ) | |
| **TRAINING TRUST FUND** | ) | |
| **P.O. Box 645652** | ) | |
| **Cincinnati, OH 45215** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **TRUSTEES OF BRICKLAYERS AND** | ) | **COMPLAINT FOR** |
| **ALLIED CRAFTWORKERS DISTRICT** | ) | **INJUNCTIVE RELIEF** |
| **COUNCIL JOINT APPRENTICESHIP** | ) | **AND MONEY DAMAGES** |
| **TRAINING COMMITTEE** | ) | |
| **19 Middletown Road** | ) | |
| **White Hall, WV 26554** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **BRICKLAYERS AND ALLIED** | ) | |
| **CRAFTWORKERS DISTRICT COUNCIL** | ) | |
| **OF WEST VIRGINIA** | ) | |
| **19 Middletown Road** | ) | |
| **White Hall, WV 26554** | ) | |
| | ) | |
| **and** | ) | |

| | |
|---|---|
| **OHIO KENTUCKY ADMINISTRATIVE** | ) |
| **DISTRICT COUNCIL OF THE** | ) |
| **INTERNATIONAL UNION OF** | ) |
| **BRICKLAYERS AND** | ) |
| **ALLIED CRAFTWORKERS** | ) |
| **8497 Leavitt Road** | ) |
| **Amherst, OH  44001** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| **CENTRAL MASONRY, INC.** | ) |
| **539 Jackson Ave.** | ) |
| **Huntington, WV 25704** | ) |
| | ) |
| **and** | ) |
| | ) |
| **GARY MCELHANEY** | ) |
| **105 Killen Hollow** | ) |
| **South Portsmouth, KY 41174** | ) |
| | ) |
| **and** | ) |
| | ) |
| **PAMELA K. DAVIS** | ) |
| **5014 Doss Hill Road** | ) |
| **Barbourville, WV 25504** | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

1.      Plaintiffs Trustees of Ohio Bricklayers Health and Welfare Fund, Trustees of Ohio

Bricklayers Pension Fund, Trustees of Ohio Bricklayers Apprenticeship, Education, and Training

Trust Fund, and Trustees of Bricklayers and Allied Craftworkers District Council Joint

Apprenticeship Training Committee (collectively "Funds") bring this action pursuant to Section

301 of the Labor-Management Relations Act ("LMRA"), as amended, 29 U.S.C. § 185, and

Sections 409(a), 502(a)(3), (e), (f), & (g) and 515 of the Employment Retirement Income Security

Act of 1974 ("ERISA"), as amended 29 U.S.C. §§1109, 1132a)(3), (e), (f), and (g) and 1145.

2.      The Funds are multi-employer plans under Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), which are maintained pursuant to the collective bargaining agreements between Central Masonry, Inc. and several local bricklayer unions.  The Funds are trust funds established in accordance with Section 302 of the LMRA, 29 U.S.C. § 186, for the purpose of providing health care, pension, and related benefits for participants and their dependents, who are members of those local unions.

3.      The Funds bring this action by and through their trustees.  These trustees are fiduciaries within the meaning of ERISA Section 3(21), 29 U.S.C. §1002(21).

4.      The Ohio Kentucky Administrative District Council of the International Union of Bricklayers and Allied Craftworkers and Bricklayers and Allied Craftworkers District Council of West Virginia (hereinafter, "District Councils") are labor organizations within the meaning of Section 2(5) of the LMRA, 29 U.S.C. § 152(5). The District Councils are composed of local unions in Ohio, parts of Kentucky, and West Virginia, including, but not limited to, Bricklayers and Allied Craftworkers Union Local 18, Cincinnati, Ohio ("Local 18"), Bricklayers and Allied Craftworkers Local 39, Portsmouth, Ohio ("Local 39"), Bricklayers and Allied Craftworkers Local Union 44, Nashport, Ohio ("Local 44"), Bricklayers and Allied Craftworkers Local 45, Chillicothe, Ohio ("Local 45"), Bricklayers and Allied Craftworkers Union Local 52, Athens, Ohio ("Local 52"), Bricklayers and Allied Craftworkers Local Union 55, Columbus, Ohio ("Local 55"), Local Union No. 5 of Huntington, West Virginia ("Local 5"), Bricklayers and Allied Craftworkers Local Union No. 6, West Virginia ("Local 6"), Bricklayers and Allied Craftworkers Local Union 9, West Virginia ("Local 9"), and Bricklayers and Allied Craftworkers Local Union No. 7 of Ashland, Kentucky ("Local 7") (collectively "Local Unions"). The Local Unions are labor organizations within the meaning of Section 2(5) of the LMRA, 29 U.S.C. § 152(5).

5.     Central Masonry, Inc. ("Central") is an employer and party in interest in an industry affecting commerce within the meaning of Sections 3(5), (11), (12) and (14) of ERISA (29 U.S.C. §§1002(5), (11), (12) and (14) and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§ 152(2), (6), and (7). Central performed work which is the subject of this lawsuit within this District.

6.     Defendant Gary McElhaney is the President of Central and is a fiduciary within the meaning of ERISA, 3(21), 29 U.S.C. §1002(21).

7.     Defendant Pamela K. Davis is the Vice-President, Secretary, and Treasurer of Central and is a fiduciary within the meaning of ERISA, 3(21), 29 U.S.C. §1002(21).

8.     Venue and jurisdiction are properly conferred upon this Court by 29 U.S.C. §§ 185(a) and (c), 29 U.S.C. §1132(e), and 28 U.S.C. §1367.

## COUNT I
## BREACH OF COLLECTIVE BARGAINING AGREEMENT AND PLAN DOCUMENTS

9.     The foregoing paragraphs are incorporated by reference.

10.     Central is signatory to and bound by collective bargaining agreements with each of the Local Unions ("Local Union CBAs"). The Local Union CBAs are not attached hereto due to their length and the fact that all parties to this case are party to the CBAs and have copies of them.

11.     By agreeing to be bound by the Local Union CBAs, Central was bound to abide by the wage and benefit contributions provisions set forth in the Local Union CBAs, which required that Central pay contributions and otherwise abide by the terms of the Local Union CBAs for work done in the geographic jurisdiction of the Local Unions.

12.     The geographic jurisdiction of Local 39 includes Gallia County.

13.     The geographic jurisdiction of Local 44 includes Knox, Coshocton, Licking, Muskingum, Guernsey, Morgan, Perry, Fairfield, and Hocking counties.

4

14. The geographic jurisdiction of Local 45 includes Pike, Ross, Vinton, Fayette, and Jackson counties.

15. The geographic jurisdiction of Local 52 includes Athens, Meigs, Noble, and Washington counties.

16. The geographic jurisdiction of Local 55 includes Ross, Pickaway, Madison, Franklin, Delaware, and Union counties.

17. During the relevant time period, Central performed work within the geographic jurisdiction of each of the Local Unions that was covered by the Local Union CBAs.

18. By signing and agreeing to be bound by the Local Union CBAs, Central agreed to submit timely and accurate information to the Funds with respect to all employees performing covered work in the Local Unions' jurisdictions and to make contributions to the Funds in accordance with the terms and conditions of the Local Union CBAs and the Funds' plan documents.

19. Although Central performed work for which contributions would be owed, Central failed to make timely reports and contributions to the Funds in accordance with the terms and conditions of the Local Union CBAs and/or the Funds' plan documents for work covered by the Local Union CBAs.

20. Central submitted some, but not all, of the required monthly reports and contributions payments for work performed in the jurisdiction of the Local CBAs, and several reports that were submitted were not timely.

21. Each failure by Central to submit the required reports and contributions to the Funds in a timely manner is a breach of the Local Union CBAs and/or the Funds' plan documents. Each

such breach violates both Section 515 of ERISA (29 U.S.C. §1145) and Section 301 of the LMRA (29 U.S.C. § 185).

22.     When Central fails to make timely contribution payments, it is required to pay liquidated damages and interest as calculated by the Funds pursuant to the Local Union CBAs, the Funds' plan documents, and the Employer Delinquency Procedures adopted by the Fund Trustees.

23.     Pursuant to the Local Union CBAs, the Funds' plan documents, the Employer Delinquency Procedures adopted by the Fund Trustees, and ERISA Central is obligated to pay reasonable attorneys' fees and costs incurred in collecting delinquent contributions, liquidated damages, and interest.

24.     Central failed to submit reports and pay contributions for months during the period June 2019 to present.

25.     For numerous months during the period May 2017 through December 2019, Central submitted untimely reports and payments, thereby accruing liquidated damages and interest in the amount of $77,335.83.

26.     Judgment should be entered for the plaintiff Funds in the amount of the unpaid contributions, liquidated damages, interest, attorneys' fees, and costs.

27.     Judgment should be entered in favor the District Councils for dues and other contributions or deductions owing to the Local Unions and District Councils pursuant to the CBAs.

<u>**COUNT II**</u>
<u>**BREACH OF FIDUCIARY DUTY**</u>

28.     The foregoing paragraphs are incorporated by reference.

29.     The Funds' plan documents provide that delinquent contributions are the Funds' assets when due and owing.

30.     Defendants McElhaney and Davis at all relevant times had the authority to obligate Central.

31.     Defendants McElhaney and Davis were at all relevant times the principal officers of Central responsible for obligations of Central.

32.     Defendants McElhaney and Davis had authority to spend money on behalf of Central and had the authority to make decisions about how Central spent its money.

33.     Defendants McElhaney and Davis chose to pay other creditors, rather than pay the money owed to the Funds.

34.     By exercising authority and control over Central's delinquent contributions that were owed to the Funds, defendants McElhaney and Davis were fiduciaries pursuant to the Funds' plan documents, as well as under Section 3(21)(A)(i) of ERISA, 29 U.S.C. §1002(21)(A)(i). As fiduciaries, defendants McElhaney and Davis owed fiduciary duties to the Funds and their participants, with such duties being set forth in Sections 404(a), 406, and 408 of ERISA, 29 U.S.C. §§1104(A), 1106), and 1108.

35.     Defendants McElhaney and Davis breached their fiduciary duties by failing to remit employer contributions to the Funds and by diverting such contributions for other purposes. In doing so, defendants McElhaney and Davis failed to discharge their fiduciary duties with respect to the Funds by not acting solely in the interest of the participants and beneficiaries:

     i.     in violation of Section 404(a)(1)(A)(i) of ERISA, 29 U.S.C. §1104(a)(1)(A)(i); and

    ii.     causing the Funds' participants to suffer a loss of benefits and rights to which they were entitled under the terms of the plan documents.

36.     By the aforementioned acts, errors and omissions described herein, defendants McElhaney and Davis breached their fiduciary duties with respect to the Funds.

37.     Pursuant to Section 409(a) of ERISA, 29 U.S.C. §1109, defendants McElhaney and Davis are personally liable to make good to the Funds' participants for all losses resulting from such breaches.

**COUNT III**
**PROHIBITED TRANSACTION UNDER ERISA**

38.     The foregoing paragraphs are incorporated by reference.

39.     Defendants McElhaney and Davis are fiduciaries and parties in interest, as defeined by ERISA Section 3(21) and (14), 29 U.S.C. §1002(21) and (14).

40.     Defendants McElhaney and Davis permitted the diversion or lending of employer contributions from the Funds in their own interests, and for the benefit of a party in interest, Central, which is a prohibited transaction under ERISA in violation of Section 406(a) and (b) of ERISA, 29 U.S.C. §1106(a) and (b).

**WHEREFORE**, Plaintiff Funds demand the following:

1)     An order granting judgment against Central Masonry, Inc. on Count I as follows:

    a.     A declaratory order that Central Masonry, Inc. violated the Local Union CBAs by failing to report as required by the Local CBAs, failing to pay contributions, and failing to pay liquidated damages, and interest;

    b.     An order that Central Masonry, Inc. submit all missing contribution reports and to timely submit all such reports in the future;

    c.     A monetary judgment against Central Masonry, Inc. for all unpaid contributions, liquidated damages, and interest owed pursuant to the missing contribution reports;

    d.     A permanent injunction against Central Masonry, Inc. pursuant to Section 502(g)(2)(E) of ERISA prohibiting future violations of Section 515 of ERISA, 29 U.S.C. §1145, with respect to all Funds;

    e.     Reasonable attorneys' fees and costs incurred in this action as mandated by the Local Union CBAs, plan documents, and 29 U.S.C. §1132(g);

    f.     Post-judgment interest pursuant to 28 U.S.C. §1961.

2)    An order granting judgment against defendant Central Masonry, Inc. and in favor of the District Councils for all dues, deductions, and contributions found owing to the Local Unions and District Councils pursuant to the collective bargaining agreements;

3)    An order granting judgment against defendants Gary McElhaney and Pamela Davis on Counts II and III as follows:

    a.     An order finding that Gary McElhaney and Pamela Davis breached their fiduciary duties to the Funds;

    b.     An order finding that Gary McElhaney and Pamela Davis engaged in prohibited transactions under ERISA;

    c.     An order that Gary McElhaney and Pamela Davis are personally liable as well as jointly and severally liable to the Funds for all losses resulting from such fiduciary breach and prohibited transactions, including delinquent contributions, liquidated damages, interest, attorneys' fees, and costs, as provided by the Local Union CBAs, plan documents, and ERISA;

    d.     Reasonable attorneys' fees and costs incurred in this action as mandated by the Local Union CBAs, plan documents, and 29 U.S.C. §1132(g); and

e.  Post-judgment interest pursuant to 28 U.S.C. §1961.

4)  An Order awarding such other legal or equitable relief that this Court may deem necessary and appropriate, including judgment for any contributions, and/or any interest thereon that may accrue subsequent to the filing of this Complaint, as well as any resulting delinquency assessments thereon.

Respectfully submitted,

**GOLDSTEIN GRAGEL LLC**

/s/ Richard L. Stoper, Jr.
Joyce Goldstein (#0029467)
*jgoldstein@ggcounsel.com*
Richard L. Stoper, Jr. (#0015208)
*rstoper@ggcounsel.com*
1111 Superior Avenue East, Suite 620.
Cleveland, Ohio 44114
(216) 771-6633
(216) 771-7559  (fax)

Counsel for Plaintiffs